UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MIGUEL VILLAREAL,

    Plaintiff,

v.                                                                                          06-CV-3266

WALKER et al.,

    Defendants.

### Order

Plaintiff's motion for preliminary injunction/temporary restraining order is before the court (d/e 3). For the reasons below, the court denies the motion.

"A preliminary injunction is an extraordinary remedy that is only granted where there is a clear showing of need." *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). "The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits." *American Hospital Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). To support the issuance of a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) the inadequacy of a remedy at law; and (3) irreparable harm if the injunction is not issued. *Cooper*, 196 F.3d at 813. If the plaintiff meets this threshold inquiry, the court then balances the harm of wrongfully denying the injunction to the harm of wrongfully issuing it, and the public interests involved. *Id.*. To show a likelihood of success, the plaintiff "need only demonstrate a 'better than negligible chance of succeeding.'" *Id.*, quoting *Boucher v. School Bd. of Greenfield*, 134 F.3d 821, 824 (7th Cir. 1998).

Additionally, the court is restricted in the kind of preliminary injunctive relief it can give to a prisoner. 18 U.S.C. Section 3626 provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . .

18 U.S.C. Section 3626(a)(2). A preliminary injunction automatically expires 90 days after its entry, unless the court enters a final order for prospective relief before then. *Id.*

Plaintiff alleges that other inmates intentionally crushed his hand with a door in April 2005. Plaintiff asserts he received hand surgery in April 2005, but that the surgery was seriously botched. The surgery therefore either did not fix, or actually worsened, the condition of Plaintiff's hand. Plaintiff seeks an order directing another surgery, a transfer to a prison where he will be free from retaliation, and a new typewriter (his typewriter was destroyed as part of that retaliation).

At this point, Plaintiff's allegations are just that. While he states federal claims, he has not yet provided enough evidence in support of those claims to show that he is likely to succeed. For example, the Court cannot determine with confidence the current condition of Plaintiff's hand or whether the surgery he believes he needs is recommended by medical professionals. Thus, the Court cannot perform its duties under 18 U.S.C. 3626 to determine the least intrusive means of maintaining the status quo, or even if the status quo is threatened. Additionally, Plaintiff has not shown irreparable harm if his request for surgery is decided on fully developed factual record, along with his other claims. Similarly, the record does not support an inference of irreparable harm if Plaintiff is not transferred to a different prison[1] or given a new typewriter. In short, the record at this point does not support the issuance of a preliminary injunction or temporary restraining order. Plaintiff's request for injunctive relief is still a part of this case, but its merits will be determined at summary judgment or trial.

IT IS THEREFORE ORDERED that Plaintiff's motion for preliminary injunction/temporary restraining order is denied (d/e 3).

Entered this 1st Day of May, 2007.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[1] It appears Plaintiff was transferred after he filed his motion for preliminary injunction.