UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MIGUEL VILLAREAL,

    Plaintiff,

v.                               06-CV-3266

WALKER et al.,

    Defendants.

### Order

This case proceeds on the following claims: 1) Eighth Amendment failure to protect; 2) Eighth Amendment deliberate indifference to serious medical needs; and 3) retaliation for the exercise of First Amendment rights. Before the court are two motions by the plaintiff to compel responses to his first request for production of documents and a motion to file a supplemental pleading filed by the plaintiff.

The plaintiff alleges that, on April 6, 2005, gang members forced him to choose between having his hand crushed in a steel metal door or being repeatedly stabbed, as had been ordered by the gang chief. The plaintiff chose the former, and his hand was intentionally slammed in a 100 pound door, crushing the bones in his hand. The plaintiff was not taken to the medical unit for least four hours despite his pleas and did not receive medical treatment until at least 14 hours later, when he was taken to the hospital. Emergency surgery was performed, pins placed in the plaintiff's hands. After only two weeks in the infirmary, the plaintiff was released to general population, despite the continued threat from gang members and the plaintiff's vulnerability because of his healing hand. After repeated pleas, the plaintiff was moved to a more protected area.

In May 2005, the plaintiff was transferred to Western, where Dr. Brown noted that one of the pins in the plaintiff's hand was protruding. Dr. Brown removed three stitches to prevent a rupture. The initial surgery at the hospital was either botched or did not work, and the plaintiff needs another surgery and physical therapy, which he has been repeatedly denied. The plaintiff was also allegedly subjected to retaliatory acts because of his grievances and lawsuits.

*The plaintiff's motion to compel response to his first request for production of documents*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, "the court must limit the . . . extent of discovery . . . if it determines that: . . .the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C). A party opposing discovery may also move for a protective order. Fed. R. Civ. P. 26(c).

The court has reviewed the plaintiff's first request for production of documents and the defendants' responses. The requests seeking information about the gang members who assaulted the plaintiff or ordered the assault, a prior incident involving the plaintiff and the gang members, and the assault itself is relevant to the plaintiff's failure to protect claim. The information may uncover evidence tending to prove (or disprove) knowledge by prison officials of a substantial risk of serious danger to the plaintiff posed by the gang members. The defendants may move for an *in camera inspection* of any documents that pose security concerns.

The plaintiff's request for the production of his medical records is relevant to his claim of deliberate indifference to his serious medical needs regarding his hand injury. The defendants object on the grounds that they do not possess those medical records. The court believes that the defendants, IDOC employees, have the authority and means to produce the plaintiff's medical records. If that is not the case, the defendants are directed to inform the court who does have that authority and that person will be added as a defendant.

The request for "cadet training" information is too broad, but the plaintiff clarifies in his second motion to compel that he seeks the name of the cadet in training who was running the shower line on the day of the assault. This name is relevant, as well as any written procedures for running shower lines, as well as any audio-visual recording of the assault.

The court agrees with the defendants that disclosing all IDOC training policies or policies regarding staff responses to inmate violence present security concerns. Further, the request is too broad and vague, arguably applying to all kinds of policies that have little relevance to the claims here. Further, administrative directives do not establish the constitutional standard–a violation of internal directives does not translate to a violation of the Constitution. However, the plaintiff does specifically list several directives in request 17. That request is not too broad or vague, and the defendants can seek an *in camera* review. Accordingly, request 17 will be granted.

The court also agrees that the request for the plaintiff's entire file, presumably his master file, is overbroad and unduly burdensome. The master file is not automatically free from discovery just because Illinois law states it is confidential, but the plaintiff is already getting his medical records, internal affairs investigations, and other documents ordered herein. The plaintiff does not identify what else might be in his master file relevant to his claims. Likewise, the plaintiff's request for all documents that refer to certain gang members and the gang chief is overbroad and unduly burdensome. The plaintiff does not explain why all documents that even mention the gang members' names are relevant. Even if one could speculate on the possible relevance, the burden of production attempting to locate all such documents would outweigh the

2

likely benefits to the plaintiff's case. The plaintiff's request for all documents that "relate" to his allegations is also too broad for response (the defendants assert they did attach some responsive documents).

The plaintiff does not explain the relevance of requests 21 or 26, nor does the court see the relevance. The plaintiff's request 23 asks for documents that are outside the scope and time of this lawsuit and thus are not relevant. Additionally, the court does not see the possible relevance or need for information on arrangements between the IDOC and Wexford Health regarding the payment of the expenses for this litigation, requested in number 25.

The entire personnel files of all the defendants will not be compelled. The request is unduly burdensome and unlikely to produce relevant admissible evidence. Any possible relevance and admissibility of prior bad acts by the defendants is highly likely to be outweighed by the confusion, prejudice and undue delay which would be caused by admitting such evidence. This case focuses on the defendants' treatment of the plaintiff, not their treatment of other inmates.

IT IS THEREFORE ORDERED:

1) The plaintiff's first motion to compel is granted in part and denied in part as provided below (d/e 51).

2) Request numbers 1, 2, 3, 5, 6, 10, 30 and 31 are granted.

3) Request number 4 is granted in part. The defendants are directed to produce the name of the cadet in training who was running the shower line on the day of the assault, April 6, 2005, any written procedures, directives or other documents regarding the running of shower lines on that date for Stateville Correctional Center, and any audio-visual recording of the shower facilities at Stateville on April 6, 2005, including but not limited to the alleged assault.

4) The defendants are directed to produce all of the plaintiff's medical records from April 1, 2005 to the present, including documents relating to medical furloughs outside the prison for medical treatment.

5) The defendants' production pursuant to this order is due April 30, 2008. The defendants may file any documents ordered to be produced with the court for an *in camera* review before disclosure to the plaintiff, identifying the information that the defendants seek to keep confidential and the reasons therefor. If the court determines such document(s) should be produced to the plaintiff, the defendants will be given additional time to file objections to its disclosure or move for an appropriate protective order.

6) The plaintiff's second motion to compel is denied as moot (d/e 55).

6) The plaintiff's motion for leave to file a supplemental pleading is denied (d/e 56). The

plaintiff seeks to add claims about adverse events that happened in late 2006, after he filed this case, asserting that he has now exhausted his administrative remedies and that these adverse events are part of the alleged retaliation against him.  Except for the production ordered above, discovery closed February 29, 2008.  The supplemental events involve different facts and prisons–allowing them to be added under the retaliation claim would produce indefinite delay of this case and run afoul of *George v. Smith,* 507 F.3d 607 (7th Cir. 2007).

Enter: March 20, 2008..

                          **s\Harold A. Baker**

                          HAROLD A. BAKER
                      UNITED STATES DISTRICT JUDGE