UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MIGUEL VILLAREAL,

    Plaintiff,

v.              06-CV-3266

WALKER et al.,

    Defendants.

### Order

    The plaintiff has filed a motion to compel (d/e 71), seeking: 1) records of all outpatient visits to Dr. Fantos (the surgeon who performed surgery on the plaintiff's hand); 2) the name of the "cadet in training" who was running shower lines; 3) written procedures for running shower lines; 4) audio/visual recording of the assault on the plaintiff; 5) administrative directives that the plaintiff asked for in request no. 17 of his original document request.

    The defendants respond that they have already produced all the medical records in their possession, and that they have no responsive information, documents or recordings for items 2-4. The medical records request is therefore moot, and no recording exists. However, it is not clear what efforts the defendants made to identify the "cadet in training" or the written procedures for running the shower line. The defendants will be instructed to clarify.

    As for the administrative directives responsive to request number 17, the court directed in its prior order (d/e 60) that those should be produced, or an *in camera* inspection should be sought. The court does not see the directives in the documents submitted for an *in camera* inspection. Certainly directives on escape plans are not relevant and are subject to security concerns, but the court cannot determine whether the rest should be produced without seeing them. Accordingly, the defendants will be directed to produce the directives to the plaintiff or to submit them to the court for an *in camera* inspection.

    The court has reviewed the sealed documents submitted by the defendants for an *in camera* inspection (d/e 68). The court agrees with the defendants that disclosure of most of the documents would compromise the security of the prisons and the safety of the inmates. Additionally, the information does not help the plaintiff's claim because it is all information obtained after the assault. The court sees nothing in the *in camera* documents that indicates any prior knowledge by prison officials of a danger to Villareal. However, the part of the

memorandum discussing investigators' interviews with Villareal, while not helpful to Villareal's claim, do not present security concerns.  Villareal already knows what he told investigators.  Accordingly, the court will direct disclosure of the report to the extent it talks about interviews with Villareal.

IT IS THEREFORE ORDERED:

    1) The plaintiff's motion to compel is granted in part and denied in part (d/e 71).

    2)  By March 31, 2009, the defendants are directed to clarify their response to the plaintiff's request numbers two and three above. Specifically, the defendants shall state what efforts they made to identify the "cadet in training" and whether any written procedures for running shower lines exists.

    3) By March 31, 2009, the defendants are directed to produce to the plaintiff the requested directives or to file a motion for *in camera* inspection.

    4) The plaintiff's motion to compel is otherwise denied.

    5) Based on its review of the documents submitted *in camera*, the court concludes that disclosure of the memorandum and supporting documents would compromise institutional security and the safety of inmates, except for the portions describing the interviews with the plaintiff, which appears to be the last two sentence of the first page and the first four paragraphs of the second page.  By March 31, 2009, the defendants shall produce to the plaintiff the memo, redacted as per this order, or file a motion for protective order explaining why the selected information should not be provided.

    6) The dispositive motion deadline is June 1, 2009.

Enter: March <u>24</u>, 2009.

                                                  **s\Harold A. Baker**

                                              HAROLD A. BAKER
                                       UNITED STATES DISTRICT JUDGE